**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL121298

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**BROOKLYN DIVISION**

| | |
|---|---|
| Bradley Birnbaum,<br><br>        Plaintiff,<br><br>  v.<br><br>Eastpoint Recovery Group, Inc. and Diverse Funding Associates, LLC,<br><br>        Defendants. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Bradley Birnbaum, by and through the undersigned counsel, complains, states, and alleges against defendants Eastpoint Recovery Group, Inc. and Diverse Funding Associates, LLC as follows:

**INTRODUCTION**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692*et seq.* (the "FDCPA").

2. Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

3. The purpose of the FDCPA is to protect consumers from deceptive or harassing

actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

4. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

5. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff consumer to show that he or she was confused by the communication received. *Jacobson*, 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

6. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell*, 74 F.3d at 34.

7. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

8. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA is sufficient to establish civil liability against a debt collector. *Id.*

**JURISDICTION AND VENUE**

9. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

10. This court has jurisdiction over defendants Eastpoint Recovery Group, Inc. and Diverse Funding Associates, LLC because they regularly conduct and transact business in this state, and the conduct complained of herein occurred in this Judicial District.

11. Venue is proper is this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

**PARTIES**

12. Plaintiff Bradley Birnbaum ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Richmond County, New York.

13. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

14. Defendant Eastpoint Recovery Group, Inc. ("Eastpoint") is a corporation organized and existing under the laws of the State of New York, with its principal place of business in Erie County, New York.

15. Eastpoint has transacted business within the State of New York as is more fully set forth hereinafter in this Complaint.

3

16. Eastpoint regularly collects or attempts to collect debts asserted to be owed to others.

17. Eastpoint is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18. The principal purpose of Eastpoint's businesses is the collection of such debts.

19. Eastpoint uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20. Eastpoint is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21. Defendant Diverse Funding Associates, LLC ("Diverse") is a corporation organized and existing under the laws of the State of New York, with a principal place of business in Erie County, New York.

22. Diverse has transacted business within the State of New York as is more fully set forth hereinafter in this Complaint.

23. Diverse regularly collects or attempts to collect debts asserted to be owed to others.

24. Diverse is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

25. The principal purpose of Diverse's businesses is the collection of such debts.

26. Diverse uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

27. Diverse is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

28. The acts of Defendants as described in this Complaint were performed by Defendants or on Defendants' behalf by their owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to Defendants in this

Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

29. Defendants allege Plaintiff owes a debt ("the alleged Debt").

30. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

31. The alleged Debt does not arise from any business enterprise of Plaintiff.

32. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

33. At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred by Diverse to Eastpoint for collection.

34. At the time the alleged Debt was assigned or otherwise transferred to Defendants, the alleged Debt was in default.

35. In their efforts to collect the alleged Debt, Defendants caused correspondence, including a collection letter dated July 6, 2020, to be sent to Plaintiff. (A true and accurate copy of that collection letter (the "Letter") is annexed hereto as "**Exhibit 1.**")

36. The Letter conveyed information regarding the alleged Debt.

37. The Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

38. The Letter is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

39. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive clear, accurate and unambiguous collection letters from defendants that would allow Plaintiff to identify the source of the alleged Debt and confirm that the alleged Debt was actually owed. As set forth herein, defendants deprived Plaintiff of these rights.

40. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from defendants. As set forth herein, defendants deprived Plaintiff of these rights.

41. Plaintiff's injury is "particularized" and "actual" in that the Letter that deprived Plaintiff of the aforementioned rights was addressed and sent to Plaintiff specifically.

42. Plaintiff's injury is directly traceable to Defendants' conduct because Defendants sent the Letter, and but for Defendants' conduct, Plaintiff would not have been deprived of the aforementioned rights.

43. Plaintiff has been misled by Defendants' conduct.

44. Defendants' conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendants' conduct.

45. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will continue to use abusive, deceptive, unfair and unlawful means in their attempts to collect the alleged Debt and other alleged debts.

46. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff unwarranted economic harm.

47. As a result of Defendants' conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

48. As a result of Defendants' conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged Debt.

49. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

50. A favorable decision herein would redress Plaintiff's injury with money damages.

51. A favorable decision herein would serve to deter Defendants from further similar conduct.

## FIRST COUNT
## Violation of 15 U.S.C. §§ 1692g(a)(1), 1692e, 1692e(2)(A) and 1692e(10)

52. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

53. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

54. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide the amount of the debt.

55. To comply with 15 U.S.C. § 1692g(a)(1), a statement of the amount of the debt must clearly, accurate and without ambiguity convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

56. The Letter claims that Plaintiff owes $1,253.65 (the "Claimed Amount").

57. Plaintiff did not owe the Claimed Amount at the time the alleged Debt was assigned or otherwise transferred to Eastpoint for collection.

58. Plaintiff did not owe the Claimed Amount at the time Defendants sent Plaintiff the Letter.

59. Plaintiff did not owe the Claimed Amount at the time Plaintiff received the Letter.

60. As such, Defendants did not clearly convey, from the perspective of the least sophisticated consumer, the actual amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

61. As such, Defendants did not accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

62. For the foregoing reasons, Defendants violated 15 U.S.C. § 1692g(a)(1) and is liable to Plaintiff therefor.

63. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

64. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

65. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

66. The Letter claims that Plaintiff owes the Claimed Amount.

67. Plaintiff did not owe the Claimed Amount at the time the alleged Debt was assigned or otherwise transferred to Eastpoint for collection.

68. Plaintiff did not owe the Claimed Amount at the time Defendants sent Plaintiff the Letter.

69. Plaintiff did not owe the Claimed Amount at the time Plaintiff received the Letter.

70. Defendants' allegation that Plaintiff owed the Claimed Amount is a false representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

71. Defendants' allegation that Plaintiff owed the Claimed Amount is a deceptive representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

72. Defendants' allegation that Plaintiff owed the Claimed Amount is a false representation of the character of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

73. Defendants' allegation that Plaintiff owed the Claimed Amount is a false representation of the amount of the alleged Debt and the legal status of the Debt in violation of 15 U.S.C. § 1692e(2)(A).

74. Defendants' allegation that Plaintiff owed the Claimed Amount is a false representation and deceptive means made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

75. For the foregoing reasons, Defendants violated 15 U.S.C. §§1692g(a)(1), 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

**SECOND COUNT**
**Violation of 15 U.S.C. §§ 1692g(a)(1), 1692e, 1692e(2)(A) and 1692e(10)**

76. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

77. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

78. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

79. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately state the amount of the debt.

80. A statement of "the amount of the debt," when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

81. The Letter claims that Plaintiff owed $1,253.65 (the "Claimed Amount").

82. Plaintiff did not owe the Claimed Amount.

83. In fact, Plaintiff did not owe any money at all to the entity on whose behalf Eastpoint was seeking to collect.

84. Defendants' statement of the amount of the alleged Debt, when Plaintiff did not owe any money at all to the entity on whose behalf Eastpoint was seeking to collect, violates 15 U.S.C. § 1692g(a)(1).

85. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

86. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

87. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

88. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false, deceptive and misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

89. Defendants' allegation that Plaintiff owed the Claimed Amount, when Plaintiff did

not owe any money at all to the entity on whose behalf Defendant ERG was seeking to collect, is a false, deceptive, and misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

90. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g(a)(1), 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

### THIRD COUNT
### Violation of 15 U.S.C. §§ 1692g(a)(2), 1692e, 1692e(2)(A) and 1692e(10)

91. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

92. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

93. As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

94. To comply with 15 U.S.C. § 1692g(a)(2), the written notice must accurately state "the name of the creditor to whom the debt is owed."

95. A statement of "the name of the creditor to whom the debt is owed," when the consumer does not any money at all to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

96. The Letter asserts that Plaintiff owed money to Diverse.

97. Plaintiff did not owe the alleged Debt to Diverse.

98. Diverse never offered to extend credit to Plaintiff.

99. Diverse never extended credit to Plaintiff.

100. Plaintiff was never involved in any transaction with Diverse.

101. Plaintiff never entered into any contract with Diverse.

102. Plaintiff never did any business with Diverse.

103. Plaintiff was never indebted to Diverse.

104. Diverse is a stranger to Plaintiff.

105. Defendants' statement that Diverse is "the name of the creditor to whom the debt is owed," when Diverse is not the name of the creditor to whom the alleged Debt is owed, violates 15 U.S.C. § 1692g(a)(2).

106. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

107. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

108. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

109. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false, deceptive, and misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

110. Defendants' allegation that Plaintiff owed a debt to Diverse, when Plaintiff did not owe a debt to Diverse, is a false, deceptive and misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

111. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g(a)(2), 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## JURY DEMAND

112. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Finding Defendants' actions violate the FDCPA; and

b. Awarding damages to Plaintiff pursuant to 15 U.S.C. § 1692k; and

c. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

d. Awarding the costs of this action to Plaintiff; and

e. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

f. Such other and further relief that the Court determines is just and proper.

DATED: January 27, 2021

**BARSHAY, RIZZO & LOPEZ, PLLC**

By: *David M. Barshay*
David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL121298
*Attorneys for Plaintiff*